# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **ROCK CREEK NETWORKS, LLC,**<br><br>Plaintiff<br><br>v.<br><br>**FUJITSU LIMITED,**<br><br>Defendant | Case No. 6:21-cv-00256<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Rock Creek Networks, LLC ("Plaintiff" or "RCN") files this Complaint against Defendant Fujitsu Limited ("Fujitsu" or "Defendant") for infringement of RCN's patent: U.S. Patent No. 6,671,750 (PX-750 attached).

## THE PARTIES

1. Plaintiff and patent owner RCN is a Texas limited liability company with its headquarters and principal place of business in Waco, Texas.

2. On information and belief, Defendant Fujitsu is a limited liability entity organized under the laws of Japan, with a place of business at Shiodome City Center, 1-5-2 Higashi-Shimbashi, Minato-ku, Tokyo 105-7123, Japan.

## JURISDICTION AND VENUE

3. This is a patent suit brought under the United States Patent Act, namely 35 U.S.C. §§ 271, 281, and 284-285, among other laws. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b). Defendant markets, sells, and delivers accused products in this District, directs and instructs customers and end users how to use the accused products in this District, and has committed acts of infringement in this District.

## NOTICE OF RCN'S PATENT

5. Plaintiff is the owner, by assignment, of U.S. Patent No. 6,671,750 (the "'750 Patent"), entitled LAN INTERFACE, which issued on December 30, 2003. A copy of the '750 Patent is attached hereto as Exhibit PX-750.

6. RCN possesses all rights of recovery under the Asserted Patents.

7. Defendant has been on notice of the '750 Patent at least as early as the date it received service of this complaint.

## FUJITSU'S PRODUCTS

8. On information and belief, Fujitsu makes, imports, sells, offers to sell, distributes, licenses, markets and/or uses switches and LAN adaptors such as the Fujitsu LAN Adapter D3035 Server and Extreme Switching X460-G2 ("the Accused Products").

9. According to Fujitsu, the LAN Adapter D3035 includes functions for energy efficient Ethernet (EEE), which "helps to decrease the power consumption of the server itself." https://sp.ts.fujitsu.com/dmsp/Publications/public/ds-eth-ctrl-2x1Gbit-PCIe-x4-D3035-Cu.pdf.  The LAN Adapter D3035 supports IEEE 802.3az:

| Network protocol and standards compatibility | IEEE 802.3i 10BASE-T<br>IEEE 802.3u 100BASE-TX<br>IEEE 802.3ab 1000BASE-T<br>IEEE 802.1q VLAN<br>IEEE 802.3x Flow Control<br>IEEE 802.3ad LACP<br>IEEE 802.3az Energy Efficient Ethernet (EEE)<br>IEEE 802.1as Timing and Synchronization<br>IEEE 1588 Precision Time Protocol<br>IPv4, IPv6 and mixed IPv4/IPv6 network protocols<br>DMA Coalescing (DMAC) |

10. The ExtremeSwitching X460-G2 is a scalable advanced aggregation switch that supports IEEE 802.3az:



**Scalable advanced aggregation switch**

The ExtremeSwitching X460-G2 series are scalable advanced aggregation switches offering high performance, non-blocking hardware technology that simplify network deployments through the use of standard hardware and software throughout the network.

The ExtremeSwitching X460-G2 switches are effective campus edge switches that support Energy Efficient Ethernet (EEE – IEEE 802.3az) with IEEE 802.3at PoE-plus and can also serve as aggregation switches for traditional enterprise networks.

The ExtremeSwitching X460-G2 can also be used as a top-of-rack switch for many data center environments with features such as high-density Gigabit Ethernet for concentrated data center environments.

https://www.fujitsu.com/emeia/products/computing/storage/switches/ethernet-fabric/extreme-switching-x460-g2/.

COMPLAINT FOR PATENT INFRINGEMENT                                                                   PAGE | 3

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,671,750

11. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

12. The '750 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

13. Plaintiff is the owner by assignment of the '750 Patent.

14. The Accused Products are designed to connect to provide interactive services using applications.

15. Upon information and belief, Defendant has infringed and continue to infringe one or more claims, including Claim 1, of the '750 Patent by making, using, importing, selling, and/or, offering for sale the Accused Products in the United States without authority.

16. Defendant has infringed and continues to infringe the '750 Patent either directly or through the acts of inducement in violation of 35 U.S.C. § 271.

17. Defendant encourages others, including their customers, to use the Accused Products in the United States without authority.

18. Claim 6 of the '750 Patent recites:

> 6. A LAN interface comprising:
>
> a LAN controller for processing a signal transmitted from a terminal connected to an I/O bus and then transmitting a processed signal

    to said counter device, and for processing a signal transmitted from said counter device and then transmitting a processed signal to said connection device;

  a separator connected between said LAN controller and said I/O bus, for electrically disconnecting said LAN controller from said I/O bus; and

  a link pulse detector for operating on a predetermined voltage supplied via said I/O bus and detecting a link pulse from said counter device connected to said connection port;

  wherein said link pulse detector, when detecting a link pulse output from the counter device, controls the LAN controller and the isolation section to controllably bring them to an operation state thereof and, when not detecting a link pulse output from the counter device, controls the LAN controller and the isolation section to controllably bring them to a non-operation state.

19. As exemplified in the information referenced in the above paragraphs and the use of one or more of the Accused Products, the Accused Products include a LAN interface that has LAN controller for processing a signal transmitted from a terminal connected to an I/O bus and then transmitting a processed signal to said counter device, and for processing a signal transmitted from said counter device and

then transmitting a processed signal to said connection device.

20. The Accused Product has a LAN interface that has a separator connected between said LAN controller and said I/O bus, for electrically disconnecting said LAN controller from said I/O bus.

21. The LAN interface includes a link pulse detector for operating on a predetermined voltage supplied via said I/O bus and detecting a link pulse from said counter device connected to said connection port.

22. In operation, the link pulse detector, when detecting a link pulse output from the counter device, controls the LAN controller and the isolation section to controllably bring them to an operation state thereof and, when not detecting a link pulse output from the counter device, controls the LAN controller and the isolation section to controllably bring them to a non-operation state.

23. Defendant's infringing activities are and have been without authority or license under the '750 Patent.

24. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's infringing acts, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court, pursuant to 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court enter judgment against Defendant:

1. declaring that the Defendant has infringed the '750 Patent;

2. awarding Plaintiff its damages suffered as a result of Defendant's infringement of the '750 Patent;

3. awarding Plaintiff its costs, attorneys' fees, expenses, and prejudgment and post-judgment interest; and

4. granting Plaintiff such further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable pursuant to Fed. R. Civ. P. 38.

Dated: March 12, 2021

Respectfully Submitted,

By: /s/ Cabrach Connor
Cabrach J. Connor
State Bar No. 24036390
cab@connorkudlaclee.com
John M. Shumaker
State Bar No. 24033069
Email: john@connorkudlaclee.com
**CONNOR KUDLAC LEE PLLC**
609 Castle Ridge Road, Suite 450
Austin, Texas 78746
512.777.1254 Telephone
888.387.1134 Facsimile
**ATTORNEYS FOR PLAINTIFF**